

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Ernst Bonaparte**
Labor and Employment Law Division
phone: (212)-356-4389
email: ebonapar@law.nyc.gov

February 21, 2024

**Via ECF**
Honorable Jennifer Rochon
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

      Re:   Ayana F. Mumin v. City of New York, et. al..
             Civil Action No.: 1:23-CV-03932 (JLR)

Dear Judge Rochon:

      I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent the Defendants in the above-referenced case. I am writing to request a stay in discovery until the Court rules on Defendants' impending motion to dismiss the Second Amended Complaint ("SAC").

      As a brief background: Plaintiff, a former Correction Officer (Captain), with the City of New York's Department of Corrections ("DOC") was terminated for failing to comply with the City's vaccination mandate ("Mandate"). In the SAC, Plaintiff principally alleges that Defendants failed to accommodate her religious beliefs and discriminated against her on the basis of religion and sex in violation of federal, state, and local laws as well as the Fourteenth Amendment of the U.S. Constitution.

      As it pertains to the instant motion, a Court has wide discretion to stay discovery upon a finding of "good cause." See Robert D. Press v. Primavera, No. 1: 21-cv-10971 (JLR), 2022 U.S. Dist. LEXIS 226954, at *3 (S.D.N.Y. Dec. 16, 2022) (citing Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). Furthermore, "[in] exercising this discretion, courts generally consider the following factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Id. (internal citations omitted).

      Defendants have good cause to stay discovery in this case based on the extensive discovery anticipated, the lack of prejudice to Plaintiff, and Defendant City of New York's record on successfully defending similar cases in federal court.

      a.   Breadth of Discovery Sought

      It is first worth noting that Defendants have been inundated with a wave of challenges to the implementation of the vaccination mandate, many of which have not survived the motion to dismiss stage. See Kane v. De Blasio, 623 F. Supp. 339, 363 (S.D.N.Y. 2022); see also Beickert v. N.Y.C. Dep't of Educ., No. 22-CV-5265 (DLI)(VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sep. 25, 2023); see

also Bonilla v. City of N.Y., No. 22-CV-7113 (AT), 2023 U.S. Dist. LEXIS 215081 (S.D.N.Y. Dec. 4, 2023); see also Algarin v. NYC Health + Hosps. Corp., No. 1: 22-cv-8340 (JLR), 2023 U.S. Dist. LEXIS 108666 (S.D.N.Y. June 23, 2023).  It is well known that Defendant City of New York continues to defend many similar suits in state and federal court challenging the implementation of the Mandate which has compounding effects on its ability to defend these cases.

Moreover, Plaintiff signaled at the initial conference that she plans to depose several employees of Defendant City of New York.  Plaintiff's claims indicate she will seek to depose both policy and fact witnesses to challenge the decision making of those involved with implementing the Mandate at the DOC along with those involved with the decision to deny Plaintiff her religious reasonable accommodation request.  This level of scrutiny forebodes intrusive demands for electronically stored information; examinations of decision makers at the DOC's Equal Employment Opportunity Office; and examinations of current and former high-level managers (including a former DOC Commissioner who is a named defendant) based largely on vague and masked allegations such as "upon information and belief."  Consequently, the breadth of discovery is likely to be very wide, intrusive, and burdensome.  Defendants predict several discovery conferences and challenges to the production of witnesses and documents that could be avoided by a dispositive ruling on their motion to dismiss or the narrowing of issues, at the least.

    b. Prejudice

Plaintiff will not be prejudiced by a stay of discovery since much of the decisions were documented in writing.  Particularly, the risk of any spoliation of documents is minimal given the recency of the claims.

    c. Strength of Motion

As noted in section (a) above, Defendants have successfully defended similar challenges. In this case, Defendants have already filed two dispositive motions to dismiss the claims brought forth in the Complaint and the Amended Complaint.  See ECF Nos. 16-18 and 27-30.  Plaintiff filed the SAC which adds one new federal law claim, 42 U.S.C. §1985, but largely keeps the sum and substance of the factual allegations intact.  ECF No. 45.

The Mandate, which Plaintiff does not challenge, has already been roundly supported by case law in state and federal court.  Plaintiff specifically challenges the accommodation process and alleges that DOC officials discriminated against her on the basis of her gender and religion in violation of the US Constitution.

Plaintiff's gender discrimination claims are based on incomplete, localized and subjective observations of a citywide policy implemented by the DOC, and they are entirely without merit.  Plaintiff simply does not allege facts that would nudge her claims from conceivable to plausible to show that the DOC had a preference for male Correction Officers when evaluating religious reasonable accommodation requests to the Mandate.

With regard to Plaintiff's religious discrimination claims, Plaintiff mainly focuses on a department wide teletype order that she suggests shows that the DOC considered testing to be an allowable accommodation.  However, the teletype order merely establishes that employees who were approved for a reasonable accommodation to the Mandate might be accommodated in that particular fashion.

Plaintiff's request was assessed and it was evaluated to be an undue hardship to accommodate her given her duties and department needs. The essential function of Plaintiff's job title, Correction Officer (Captain), principally involved the supervision of Correction Officers charged with the care and custody of incarcerated persons. This required the routine interaction of uniform staff and persons in the care and custody of the DOC. At the time, the life and safety of her coworkers and those under her care were at stake given the scale and danger of the pandemic. This was explained thoroughly in a denial letter, and the interactive process she went through was upheld by the First Department which examined a similar failure to accommodate challenge to the vaccine mandate under the far more liberal New York City Human Rights Law. See Matter of Marsteller v. City of N.Y., 2023 NY Slip Op 03308, ¶ 2, 217 A.D.3d 543, 545 (1st Dept. 2023).

While the City of New York did not start the pandemic, it aimed to stop the spread of the deadly virus through a campaign of vaccination. Under these circumstances, there can be no inference that there was an intent to discriminate against Plaintiff's religious beliefs through the use of the Mandate. Moreover, Plaintiff is more unlikely to meet the higher "but for" causation standard under 42 U.S.C. § 1983.

Accordingly, we respectfully request that the Court grant our motion for a stay in discovery pending the resolution of our motion to dismiss. We believe this request is reasonable and will promote judicial economy.

Thank you for your consideration of this matter.

Respectfully submitted,

*Ernst Bonaparte*

Ernst Bonaparte
Assistant Corporation Counsel

CC: Sandra D. Parker (Via ECF)

On consideration of the arguments herein and the arguments in response by Plaintiff (ECF No. 49), the Court finds that there is "good cause" to stay discovery at this time pending the resolution of Defendants' forthcoming motion to dismiss. *Press v. Primavera*, No. 21-cv-10971 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022). In particular, the Court finds that: (1) given the nature of the claims raised, the breadth of discovery sought by Plaintiff will likely be significant; (2) the likely prejudice to Plaintiff by a stay will not be substantial; and (3) Defendants have raised strong arguments in favor of dismissal, not only in this letter but also in their prior (mooted) motions to dismiss. Therefore, the instant motion to stay discovery pending resolution of the motion to dismiss is GRANTED.

**SO ORDERED.**

Dated: March 1, 2024
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**