UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYANA F. MUMIN,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, LOUIS A. MOLINA, Individually and in his Official Capacity as Commissioner of the New York City Department of Correction; and SALESFORCE.COM, INC.

        Defendants.

Case No. 23-cv-03932(JLR)(JLC)

# DEFENDANT SALESFORCE, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNTS III-IV AND IX-XV OF PLAINTIFF'S SECOND AMENDED COMPLAINT

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos
Brian L. Beckerman
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 858-1000
Fax: (212) 858-1500
carolina.fornos@pillsburylaw.com
brian.beckerman@pillsburylaw.com

*Attorneys for Defendant Salesforce, Inc.*

# **TABLE OF CONTENTS**

|      |                                                                                                                                                                        | Page |
| ---- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---- |
| I.   | INTRODUCTION. .......................................................................................................... | 1    |
| II.  | LEGAL STANDARD. ................................................................................................... | 2    |
|      | A. Plaintiff Must, But Does Not, Allege Facts that Plausibly Support Her Employment Discrimination Claims. ...................................................... | 2    |
|      | B. The Court May Consider the Denial Email Because the SAC Cites and Relies on It. ............................................................................... | 3    |
| III. | The SAC IS FATALLY DEFICIENT AS TO SALESFORCE. ................................ | 5    |
|      | A. The SAC Fails to Sufficiently Plead that Salesforce was Plaintiff's Employer, as Needed to State a Claim Under Title VII, NYSHRL and NYCHRL. .......................................................................... | 5    |
|      | B. The Denial Email, on Which Plaintiff Relies, Shows It Was NYC, Not Salesforce, that Denied Her Appeal. ............................................. | 6    |
|      | C. The SAC Fails to Sufficiently Plead that Salesforce Acted Under Color of State Law, as Needed to State a Viable § 1983 Claim Against Salesforce. ........... | 7    |
|      | D. Plaintiff is Barred from Asserting a Claim Under § 1985. .................................. | 9    |
| IV.  | THE SAC SHOULD BE DISMISSED WITH PREJUDICE. ........................................... | 9    |
| V.   | CONCLUSION................................................................................................................ | 10   |

# TABLE OF AUTHORITIES

Page(s)

Cases

*Barbara v. MarineMax, Inc.*,
  No. 12-CV-0368 (ARR)(RER), 2013 WL 12358268 (E.D.N.Y. Mar. 7, 2013) ......................4

*Bermudez v. Colgate-Palmolive Co.*,
  667 F. Supp. 3d 24 (S.D.N.Y. 2023)..................................................................................3, 10

*Cater v. State*,
  No. 17 Civ. 9032, 2019 WL 763538 (S.D.N.Y. Feb. 4, 2019) ....................................................9

*Chan v. City of New York*,
  1 F.3d 96 (2d Cir. 1993).............................................................................................................8

*Cromwell-Gibbs v. Staybridge Suite Times Square*,
  No. 16-CV-05169 (KPF), 2017 WL2684063 (S.D.N.Y. June 20, 2017) ...................................4

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)........................................................................................................4

*DiProjetto v. Morris Protective Serv.*,
  489 F. Supp. 2d 305 (W.D.N.Y. 2007), *aff'd*, 306 F. App'x 687 (2d Cir. 2009) ......................3

*Doyle v. Am. Glory Rest. Corp.*,
  No. 23 Civ. 7624 (PAE), 2024 WL 1466161 (S.D.N.Y. Apr. 4, 2024).....................................3

*Garcia v. Dezba Asset Recovery, Inc.*,
  665 F. Supp. 3d 390 (S.D.N.Y. 2023).........................................................................................4

*Glob. Network Commc'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006).........................................................................................................5

*Harvey v. Farber*,
  No. 9:09-cv-00152 (MAD/GHL), 2011 WL 5373756 (N.D.N.Y. Sept. 29, 2011) ...................8

*Herman v. City of New York*,
  No. 21-cv-6295 (ALC), 2023 WL 6386887 (S.D.N.Y. Sept 29, 2023).....................................2

*Kology v. My Space NYC Corp.*,
  177 F. Supp. 3d 778 (E.D.N.Y. 2016) ....................................................................................5, 6

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015).................................................................................................2, 3

*Lively v. Wafra Inv. Advisory Grp., Inc.*,
  6 F.4th 293 (2d Cir. 2021) .........................................................................................................7

*Lynch v. City of New York*,
    952 F.3d 67 (2d Cir. 2020)...................................................................................................4

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
    265 F.R.D. 106 (S.D.N.Y. 2010) ..........................................................................................5

*Marte v. Montefiore Med. Ctr.*,
    No. 22-CV-03491-CM, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022) ...................................2

*Rendell-Baker v. Kohn*,
    457 U.S. 830 (1982).............................................................................................................8

*Rohn Padmore, Inc. v. LC Play Inc.*,
    679 F. Supp. 2d 454 (S.D.N.Y. 2010)...................................................................................6

*Technomarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014)................................................................................................10

*Thompson v. City of New York*,
    No. 1:21-cv-08202 (JLR), 2024 WL 1216534 (S.D.N.Y. Mar. 21, 2024) ..............................8

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016).................................................................................................4

*Vasquez v. City of New York - Off. of Mayor*,
    No. 22-CV-05068 (HG) (VMS), 2024 WL 1348702 (E.D.N.Y. Mar. 30, 2024) ......................2

<u>Statutes and Codes</u>

United States Code
    Title 42, section 1983................................................................................................1, 7
    Title 42, section 1985...................................................................................................9

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
    Rule 12(b)(6)...............................................................................................................1

Salesforce[1] respectfully submits this reply in further support of its motion to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") and in response to Plaintiff's Memorandum of Law in Opposition to the Motion (Dkt. 74, the "Opposition" or "Opp.").

I.      **<u>INTRODUCTION</u>.**

Plaintiff, having realized the legal deficiencies of her gender-based discrimination claims, has "withdraw[n] the gender discrimination and equal protection gender based claims asserted against Salesforce in Counts IV, X, XIII and XV of the SAC." Opp. at 9. Plaintiff's remaining claims against Salesforce (Counts III, IX, XI, XII and XIV) now rely entirely on her allegations of religious-based employment discrimination (under Title VII, NYSHRL, NYCHRL) and civil rights violations (under 42 U.S.C. § 1983). Those allegations are legally deficient and factually implausible as a matter of law.

As explained in the Motion and unrebutted by the Opposition, only employers can be liable for employment discrimination, and Salesforce was not Plaintiff's employer. Indeed, the SAC repeatedly admits Plaintiff was *not* employed by Salesforce, but by Defendant NYC and the DOC. *See* SAC ¶¶ 15, 22, 23, 37, 55-80, 102-04, 146-59. Plaintiff has not alleged (and cannot allege) that Salesforce was her employer or acted under color of state law, which are essential pleading requisites for employment discrimination and civil right violations claims, respectively. These failures warrant dismissal.

Conceding Salesforce did not employ her, Plaintiff contends Salesforce wrongfully denied her appeal from NYC's denial of her request for an accommodation from the COVID vaccine

---

[1] Capitalized terms otherwise not defined herein have their meaning as in Salesforce's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. 66 ("Opening Brief"). All emphasis herein is added.

mandate. As support for her wrongful-denial theory against Salesforce, Plaintiff relies on an email dated December 19, 2021, at 6:47 p.m., that she claims to have received from Salesforce ("Denial Email"). SAC ¶ 135. But that Denial Email—which the Court may properly consider because the SAC cites and relies on it—conclusively establishes that "the City of New York Reasonable Accommodation Appeals Panel," *not* Salesforce, denied Plaintiff's appeal. For this reason, too, Plaintiff's claims against Salesforce should be dismissed.

Plaintiff has already amended her pleading twice, but still cannot state a viable claim against Salesforce. Furthermore, the Opposition fails to proffer an amendment that would cure the deficiencies of her claims. Accordingly, the Court should now dismiss the SAC, as against Salesforce, with prejudice and without leave to amend.

## II. <u>LEGAL STANDARD</u>.

### A. Plaintiff Must, But Does Not, Allege Facts that Plausibly Support Her Employment Discrimination Claims.

Although this Court has split on whether a plaintiff must establish a *prima facie* case of discrimination under Title VII,[2] at minimum, Plaintiff must allege "facts that 'plausibly support' that 'the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *See Vasquez v. City of New York - Off. of Mayor*, No. 22-CV-05068 (HG) (VMS), 2024 WL 1348702, at *5 (E.D.N.Y. Mar. 30, 2024) (alterations added) (citation omitted); *Littlejohn v. City of New York*, 795 F.3d 297, 309–10 (2d Cir. 2015) (an employment

---

[2] *Compare Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 WL 7059182, at *7 (S.D.N.Y. Oct. 12, 2022) (McMahon, J) (dismissing complaint for failure to "state a *prima facie* case for a Title VII violation"), *with Herman v. City of New York*, No. 21-cv-6295 (ALC), 2023 WL 6386887, at *6 (S.D.N.Y. Sept. 29, 2023) (Carter Jr., J) ("[A] plaintiff need not make out a *prima facie* case at this initial pleading stage.") (alterations added).

discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

Critically here, it is the Plaintiff's burden to sufficiently allege that "an employment relationship existed" between plaintiff and defendant. *See DiProjetto v. Morris Protective Serv.*, 489 F. Supp. 2d 305, 309 (W.D.N.Y. 2007), *aff'd*, 306 F. App'x 687 (2d Cir. 2009) (granting motion to dismiss Title VII claim where plaintiff failed to allege that defendant was his employer); *Doyle v. Am. Glory Rest. Corp.*, No. 23 Civ. 7624 (PAE), 2024 WL 1466161, at *9 (S.D.N.Y. Apr. 4, 2024) (granting motion to dismiss NYSHRL discrimination claim against non-employer).

As set forth below, Plaintiff's SAC does not allege facts that plausibly support her employment discrimination claims, because Plaintiff does not allege that Salesforce was her employer or that Salesforce engaged in actionable conduct.[3]

### B. The Court May Consider the Denial Email Because the SAC Cites and Relies on It.

The Court may properly consider the Denial Email when deciding the Motion because it is a document known to and relied upon by Plaintiff when bringing this case. *See Bermudez v. Colgate-Palmolive Co.*, 667 F. Supp. 3d 24, 31 (S.D.N.Y. 2023) (Rochon, J). Plaintiff mischaracterizes Salesforce's use of the Denial Email,[4] and she argues the Court should disregard it for two reasons, neither of which are persuasive.

---

[3] As set forth in Salesforce's Opening Brief, the SAC also fails to plead that Plaintiff's employment was terminated because of her religious belief, or even that Salesforce was aware of Plaintiff's religious beliefs. *See* Opening Br. at 9-10.

[4] Plaintiff accuses Salesforce of citing "an extrinsic document annexed to the declaration of one of its employees, then expand[ing] on the content of that document to argue that it allegedly contradicts the SAC allegation about Salesforce being retained to provide claims review services." Opp. at 12. In fact, Salesforce attached the Denial Email to a declaration from its legal counsel (*see* Dkt. 67-1), and Salesforce has not attempted to "expand on the content" of the Denial Email. Salesforce merely quotes the text of the email, which shows (i) Plaintiff's appeal was denied by

*First*, Plaintiff argues the Denial Email is not a "written instrument," defined to mean "a legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate." *Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020) (internal quotation marks and citations omitted); *see* Opp. at 13. Plaintiff misstates the applicable legal doctrine. Written instruments are merely *one type* of extrinsic document that courts may consider. Courts may also consider "statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff upon which it relied in bringing the suit." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted). Those "documents" need not be written instruments. Indeed, this Court has routinely considered emails when deciding motions to dismiss when such emails were relied upon, quoted or cited by the plaintiff in bringing suit. *See, e.g.*, *Barbara v. MarineMax, Inc.*, No. 12-CV-0368 (ARR)(RER), 2013 WL 12358268, at *3 (E.D.N.Y. Mar. 7, 2013) (holding that emails were "incorporated by reference and integral to and relied upon in the complaint" when deciding motion to dismiss); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010) (finding complaint incorporated by reference emails that plaintiff "referred [to] in her complaint") (alterations added); *Garcia v. Dezba Asset Recovery, Inc.*, 665 F. Supp. 3d 390, 397 (S.D.N.Y. 2023) (considering email that was quoted in complaint); *Cromwell-Gibbs v. Staybridge Suite Times Square*, No. 16-CV-05169 (KPF), 2017 WL2684063, at *1 n.2 (S.D.N.Y. June 20, 2017) (holding email chain was incorporated by reference when complaint made "direct reference to the e-mail chain [and] the contents of the e-mails exchanged").

*Second*, Plaintiff argues that "mere reference" to the Denial Email in the SAC is insufficient

---

"the City of New York Reasonable Accommodation Appeals Panel," and (ii) the email was sent by Salesforce "on behalf of Vax Appeal (DCAS)." *Id.*

4

to render it part of the pleading. Opp. at 13. But the SAC's reliance on the Denial Email goes far beyond "mere reference." The Denial Email constitutes Plaintiff's sole predicate for suing Salesforce (which Plaintiff concedes was not her employer). As explained *infra* Section III(B), all of Plaintiff's claims against Salesforce are based on its purported denial of Plaintiff's appeal via the Denial Email. The Denial Email stands as the only factual support for the plethora of allegations in the SAC that Salesforce denied Plaintiff's appeal. *See* SAC ¶¶ 93, 128-31, 134-36. Indeed, Plaintiff concedes that "Salesforce's interaction with Plaintiff was limited to transmitting an email acknowledging receipt of her appeal and thereafter transmitting another email summarily denying her appeal." *Id.* ¶ 131. Far from being a "mere reference" in the SAC, the Denial Email is the crux of Plaintiff's claims against Salesforce. Therefore, it should be considered by this Court when deciding the Motion.[5]

### III. The SAC IS FATALLY DEFICIENT AS TO SALESFORCE.

#### A. The SAC Fails to Sufficiently Plead that Salesforce was Plaintiff's Employer, as Needed to State a Claim Under Title VII, NYSHRL and NYCHRL.

Plaintiff's Opposition largely ignores Salesforce's legal authority demonstrating that Salesforce cannot be liable for employment discrimination because it did not employ Plaintiff. Plaintiff merely contends that "courts construe the term 'employer' functionally to encompass persons who . . . control some aspect of an employee's . . . terms, conditions or privileges of employment" (Opp. at 19 (quoting *Kology v. My Space NYC Corp.*, 177 F. Supp. 3d 778, 781

---

[5] Plaintiff's cases cited in the Opposition are distinguishable. In *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106 (S.D.N.Y. 2010), the complaint "made no explicit reference to affidavit or e-mails, it did not quote from the documents, and it did not even include the term e-mail." Similarly, in *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006), the extrinsic testimony was "neither mentioned nor relied upon by appellant in drafting its complaint." Here, the Denial Email is referenced, quoted, and relied upon by Plaintiff in bringing all her claims against Salesforce.

5

(E.D.N.Y. 2016)) (citation omitted), and that Salesforce, by denying Plaintiff's appeal, "had control and exercised control with the City Defendants over the terms of Plaintiff's employment." Opp. at 20. This argument fails for each of three reasons.

*First*, the SAC does not allege that Salesforce ever had such control, or that Salesforce "participated in the discriminatory conduct" or "aided and abetted the City Defendants' discriminatory action" (Opp. at 20) as Plaintiff now argues in the Opposition.

*Second*, Plaintiff offers no support for the proposition that Salesforce's denial of Plaintiff's appeal constitutes a form of control over her employment. The only case cited by Plaintiff, *Kology*, 177 F. Supp. at 782, is readily distinguishable. There, the defendant was deemed plaintiff's employer because it "hired her[] …, set her schedule and responsibilities, and controlled 'how' she carried them out." *Id.* None of those facts are present here. In determining whether there is an employer-employee relationship, this Court has held that the most important factor is "the extent to which the hiring party controls the 'manner and means' by which the worker completes his or her assigned tasks." *Id.* at 781 (quoting *Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454, 468 (S.D.N.Y. 2010) (citation omitted). Here, Salesforce had no such control, and Plaintiff does not plead otherwise.

*Third*, as shown by the Denial Email on which the SAC relies, Salesforce did *not* deny Plaintiff's appeal. *See infra,* Section III(B).

For each of these reasons, Salesforce cannot be deemed Plaintiff's employer for purposes of Title VII, NYSHRL or NYCHRL, and those claims must be dismissed as a matter of law.

### B. The Denial Email, on Which Plaintiff Relies, Shows It Was NYC, Not Salesforce, that Denied Her Appeal.

Plaintiff's claims against Salesforce in the SAC are premised on one alleged act: Salesforce's purported denial of Plaintiff's appeal of the DOC's refusal to grant Plaintiff a

reasonable accommodation from the COVID vaccine Mandate. *See* SAC ¶¶ 93, 128-31, 134-36. The Denial Email directly refutes that premise; it shows that "the City of New York Reasonable Accommodation Appeals Panel," *not* Salesforce, denied Plaintiff's appeal, and that Salesforce merely sent the Denial Email "on behalf of Vax Appeal (DCAS)." *See* Dkt. 67-1.

In the Opposition,[6] Plaintiff does not dispute that (i) the Denial Email—with the same date (Dec. 19, 2021) and timestamp (6:47 p.m.)—is the same email referenced in the SAC (SAC ¶¶ 135-36), and (ii) the Denial Email states that Plaintiff's appeal was denied by "the City of New York Reasonable Accommodation Appeals Panel" and was sent by Salesforce "on behalf of Vax Appeal (DCAS)." Dkt. 67-1. Plaintiff does not suggest the Denial Email is wrong or inauthentic.

Instead, Plaintiff argues that Salesforce attempts to offer a "construction and characterization of the content of the [Denial Email]," which the Court should reject, because "where the Court considers . . . extrinsic documents in ruling on a motion to dismiss, 'it must construe all reasonable inferences in the non-movant's favor.'" Opp. at 14 (quoting *Lively v. Wafra Inv. Advisory Grp., Inc.*, 6 F.4th 293 (2d Cir. 2021)). But Salesforce does not offer any construction or characterization of the Denial Email; Salesforce merely quotes from the email itself. Moreover, Plaintiff fails to explain what "reasonable inferences" could be drawn from the Denial Email in her favor. By the plain text, the email shows Salesforce did not deny Plaintiff's appeal.

### C. The SAC Fails to Sufficiently Plead that Salesforce Acted Under Color of State Law, as Needed to State a Viable § 1983 Claim Against Salesforce.

As set forth in the Motion, to state a claim against Salesforce under § 1983, Plaintiff must allege that Salesforce acted under color of state law. Opening Br. at 13-16. Plaintiff contends that

---

[6] Plaintiff addresses the contents of the Denial Email in her section titled "Salesforce's Color of State Law Conduct Is Not Contradicted by the SAC or Salesforce's Extrinsic Document." Opp. at 12-14. However, the implications of the Denial Email are not just limited to arguments about state action. Rather, the Denial Email, coupled with Plaintiff's admission that Salesforce did not employ her, is fatal to all her claims.

7

Salesforce acted under color of state law "when it denied Plaintiff's religious accommodation appeal." Opp. at 9. Even assuming the truth of the SAC's conclusory allegation that Salesforce denied her appeal, [7] Salesforce still could not be deemed to have acted under color of state law.

"Acts of private contractors do not become acts of the government by reason of their significant or *even total engagement* in performing public contracts." *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (alterations added). "The purpose of [the close-nexus] requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains," which may be found only when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [state or political subdivision]." *Id.* (alterations in original) (citations omitted).

Here, the SAC offers no nonconclusory factual allegations supporting an inference that City Defendants exercised "coercive power" over Salesforce or provided it "significant encouragement." *See Thompson v. City of New York*, No. 1:21-cv-08202 (JLR), 2024 WL 1216534, at *5 (S.D.N.Y. Mar. 21, 2024). Indeed, the SAC pleads the opposite—that Salesforce alone "reviewed and made the determination whether to grant or deny the appeal of DOC employees." SAC ¶ 30. Plaintiff's cases cited in the Opposition are distinguishable because they involved private actors subjected to coercive power of the state. *See, e.g., Chan*, 1 F.3d at 107 (municipal defendants required private contractor to pay less than minimum wages due under federal law); *Harvey v. Farber*, No. 9:09-cv-00152 (MAD/GHL), 2011 WL 5373756, at *11 (N.D.N.Y. Sept. 29, 2011) (nurse assigned by private hospital to work at state jail was state actor).

---

[7] This is contradicted by the Denial Email itself. *See* s*upra* Section III(B).

### D. Plaintiff is Barred from Asserting a Claim Under § 1985.

Plaintiff is barred from asserting a section 1985 claim because this is a garden-variety Title VII case and "Section 1985 cannot serve as a vehicle to redress Title VII claims or other employment-related claims covered or closely related to those covered by Title VII." *Cater v. State*, No. 17 Civ. 9032, 2019 WL 763538, at *4 (S.D.N.Y. Feb. 4, 2019) (alterations added) (internal quotation marks and citation omitted). Plaintiff contends the *Cater* line of cases do not apply because she "does not attempt to vindicate any Title VII rights" through her conspiracy claim (Opp. at 19 n.10). But that's precisely what Plaintiff pleads: the SAC describes itself as an action "for unlawful employment practices and employment discrimination" (SAC ¶ 1), and it asserts four Title VII claims (*id.* ¶¶ 183-206). This Court has routinely denied plaintiffs' attempts to camouflage Title VII claims as equal protection claims through strategic pleading. *See Cater*, 2019 WL 763538, at *5 ("Title VII claims are not proper predicates for civil rights conspiracy claims. . . . [This] holding applies to both employment discrimination claims explicitly mentioning Title VII, and those 'covered or closely related to th[ose] covered by Title VII.'").[8] (alterations added) (citations omitted).

### IV. THE SAC SHOULD BE DISMISSED WITH PREJUDICE.

Now on the third version of her Complaint (Second Amended Complaint), Plaintiff has still not stated a viable claim against Salesforce arising from NYC's termination of her employment. That's because Plaintiff *cannot* state a viable claim against Salesforce. As set forth above, Salesforce is not Plaintiff's employer (as conceded on the face of the SAC), and Salesforce did not deny Plaintiff's appeal (as shown by the Denial Email, on which the SAC relies).

---

[8] Furthermore, to state a claim under § 1985, Plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Id.* (citation omitted). The SAC has not pled any such facts.

9

In her Opposition, Plaintiff has not proffered any amendment that would cure the legal deficiencies of her claims against Salesforce. Moreover, that Plaintiff has already had two prior attempts to amend only further demonstrates that amendment is futile, particularly where, as here, Plaintiff does not identify how she would cure all her pleading deficiencies.[9] Accordingly, leave to amend should be denied. *See, e.g., Technomarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (affirming district court's denial of leave to amend because plaintiff did not indicate how it could cure its pleading deficiencies); *accord Bermudez,* 667 F. Supp. 3d at 46-47.

## V. CONCLUSION

For the above-mentioned reasons, Defendant Salesforce, Inc. respectfully requests that the Court dismiss Counts III-IV and IX-XV of Plaintiff's Second Amended Complaint, as against Salesforce, with prejudice and without leave to amend.

Dated: July 19, 2024
New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ *Carolina A. Fornos*
Carolina A. Fornos
Brian L. Beckerman
31 West 52nd Street
New York, New York 10019-6131
Tel: (212) 858-1000
Fax: (212) 858-1500
carolina.fornos@pillsburylaw.com
brian.beckerman@pillsburylaw.com
*Attorneys for Defendant Salesforce, Inc.*

---

[9] Plaintiff only proffers to amend the allegations about the conflict between her religious belief and the Vaccine Mandate. Opp. at 16-17. Plaintiff does not proffer any new or different allegations as to Salesforce's status or role with respect to Plaintiff's employment. *Id.*

# WORD COUNT CERTIFICATION

Pursuant to Rule 3(C) of Your Honor's Individual Rules of Practice in Civil Cases, the undersigned hereby certifies that, exclusive of the exempted portions of the brief specified in Rule 3(C), this brief contains **3,332** words. The undersigned has relied upon the word count feature of Microsoft Word in preparing this certification.

Dated:     July 19, 2024                                */s/ Carolina A. Fornos*
                                                                                     Carolina A. Fornos