UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

AYANA F. MUMIN

                          Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, LOUIS A.
MOLINA, Individually and in his Official Capacity
as  Commissioner of the New York City Department
of Correction; and SALESFORCE.COM, INC.

                     Defendants.
------------------------------------------------------------x

23 CV 03932 (JLR)


CONFIDENTIALITY
STIPULATION AND
~~PROPOSED~~ PROTECTIVE
ORDER

 

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby,


ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action:


1.       Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines, in good faith, that such designation is necessary to

protect the interests of the client in information that is proprietary, a trade secret or otherwise

sensitive non-public information.  Information and documents designated by a party as

confidential will be stamped "CONFIDENTIAL."

2.       The Confidential documents and information disclosed will be held and used by

the person receiving such information for use in connection with this action.

3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential document and information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential documents and information.

4.    The parties shall meet and confer if any production requires as designation of "For Attorneys' or Experts' Eyes Only." All other documents and information designation as "CONFIDENTIAL" shall not be disclosed to any other person except:

a.    The requesting party and counsel, including in-house counsel;

b.    Employees of such counsel assigned to and necessary to assist in the litigation;

c.    Consultants or experts assisting in the prosecution of defense of this action;

d.    Witnesses, who in the good-faith belief of counsel for the parties, may be called to testify at trial or deposition in this action,

e.    Outside vendors or service providers, hired by counsel for the parties;

f.    Stenographers engaged to transcribe depositions conducted in this action;

g.    The Court (including the mediator, or other person having access to any Confidential documents and information by virtue of his or her position with the Court).

5.    Prior to disclosing or displaying the Confidential documents and information to any person, counsel for the parties must:

a.    Inform the person of the confidential nature of the information or documents;

b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.    Require such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    Deposition testimony regarding Confidential documents and information shall be treated as Confidential, and the transcript of such testimony together with any exhibits used during said deposition which was designed Confidential, shall be separately bound, with a cover page marked "Confidential," and shall be treated as Confidential subject to the terms of this Stipulation and Order.

7.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential.  If so designated, the document or information shall thenceforth be treated as Confidential subject to the terms of this Stipulation and Order.

8.    Any Personally Identifying Information (PII)(e.g. social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a

waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to properly protect PII from unauthorized disclosure.

9.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information (ESI) or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    Notwithstanding the designation of information and or documents as "Confidential" in discovery, there is no presumption that such information or documents shall be filed with the Court under seal.  The parties shall follow the Court's procedures for requests for filing under seal.

11.    At the conclusion of this litigation, Confidential documents and information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.    Nothing herein shall preclude the parties from disclosing material designated to be

"Confidential" if otherwise required by law or pursuant to a valid subpoena.


Dated:      New York, New York
            February  3, 2026

LAW OFFICE OF SANDRA D. PARKER          MURIEL GOOD-TRUFANT
110 East 59th Street, 22nd Floor        Corporation Counsel of the
New York, New York 10022                100 Church Street, Room 2-196
                                        New York, New York 10007


By: /s/ Sandra D. Parker               By: Ilona J. Ehrlich
    Sandra D. Parker                        Ilona J. Ehrlich
    Attorney for Plaintiff                  Attorneys for Defendants City
                                            of New York and Louis A.
                                            Molina


                    SO ORDERED


                    _____
                    HONORABLE JENNIFER L. ROCHON


                    February 4, 2026
                    _____
                    Dated

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
AYANA F. MUMIN

                              Plaintiff,

            -against-

                                                23 CV 03932 (JLR)

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, LOUIS A.
MOLINA, Individually and in his Official Capacity          AGREEMENT
as  Commissioner of the New York City Department
of Correction; and SALESFORCE.COM, INC.


                              Defendants.
-------------------------------------------------------------x

    I have been informed by counsel that certain documents or information to be disclosed to

me in connection with the above entitled action have been designated confidential.  I have been

informed that any such documents or information labeled "CONFIDENTIAL" are confidential by

Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any

other person.  I further agree not to use any such information for any purpose other than this

litigation.

Dated: _____


_____
Signed in the presence of:


_____
Attorney for