UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYANA F. MUMIN,

Plaintiff,

-against-

THE CITY OF NEW YORK and LOUIS A. MOLINA, *individually and in his Official Capacity as Commissioner of the New York City Department of Correction*,

Defendants.

Case No. 1:23-cv-03932 (JLR) (HJR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendants the City of New York (the "City") and Louis A. Molina ("Molina," and together with the City, "Defendants") object under Federal Rule of Civil Procedure ("Rule") 72(a) to Magistrate Judge Ricardo's July 17, 2026 Order (the "Order"). Plaintiff Ayana Mumin ("Plaintiff" or "Mumin") also objects under Rule 72(a) to the Order. For the following reasons, both Defendants' and Plaintiff's objections are DENIED.

## BACKGROUND

The Court presumes familiarity with the relevant facts and includes only those necessary to resolve the parties' objections. *See Mumin v. City of New York*, No. 23-cv-03932 (JLR), 2025 WL 2733229, at *2-5 (S.D.N.Y. Sept. 25, 2025). Plaintiff Mumin has brought an action against the City and Molina for employment discrimination and unlawful employment practices based on her religion and religious beliefs, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Dkt. 84 ("TAC" or the "Third Amended Complaint") ¶ 1.

Plaintiff, a former employee of the New York City Department of Correction ("DOC"), is African American and a practicing Muslim. TAC ¶¶ 13-15. Plaintiff was employed at the DOC from November 2005 to February 2022, first as a Correction Officer and then as a Captain. *Id.* ¶¶ 44-45, 49-51. In October 2021, the City announced that it would require all City employees, including those working for the DOC, to be vaccinated against COVID-19 (the "Vaccine Mandate"). *Id.* ¶ 66. The DOC announced that it would review and determine requests from employees who sought exemptions from the Vaccine Mandate based on their medical condition or religion, *id.* ¶ 67, and required employees to submit a Request for Accommodation Form online to obtain an accommodation, *id.* ¶ 68. On or about October 22, 2021, Plaintiff submitted her Request for Accommodation Form, seeking a religious accommodation or exemption from the Vaccine Mandate "based on her Islamic religion, which prohibits her from being vaccinated against all conditions, ailments[,] and impairments, including the corona virus." *Id.* ¶ 69.

On November 10, 2021, Defendants informed Plaintiff that the DOC had reviewed her request and could not accommodate it, stating that providing Plaintiff with an exemption would cause "an undue hardship to the Department as it presents a direct threat to members of service, the public and those detained by the Department." Dkt. 93-2 at 1 ("Denial Letter"); *see* TAC ¶ 81. On November 16, 2021, Plaintiff appealed the DOC's denial. TAC ¶ 93. On December 19, 2021, Plaintiff was informed that her appeal had been denied and that she had until December 22, 2021, to furnish proof of her COVID-19 vaccination. *Id.* ¶ 94. Plaintiff did not comply with the Vaccine Mandate and was placed on leave without pay on January 2, 2022. *Id.* ¶¶ 95-96. Defendants informed her that she would remain on leave without pay until she provided proof of vaccination. *Id.* ¶ 97. Plaintiff was fired on February 11, 2022, due to her noncompliance with the Vaccine Mandate. *Id.* ¶ 132.

Plaintiff alleges that Defendants denied her "accommodation request in accordance with their policy of blanket denial of all Muslim's [*sic*] religious accommodation requests, and limited the policy to requests made by Muslim employees based on their Islamic faith." *Id.* ¶ 99. Plaintiff alleges that, in a Position Statement on July 15, 2022, Dkt. 140-4 (the "Position Statement"), "Defendants declared and admitted that they denied [her] religious accommodation request, based on their blanket policy of denying all Muslim employees' religious accommodation requests," and "admitted that no request for an accommodation made by any Muslim, where the Muslim employee's request was based on a conflict between the [V]accine [M]andate[]and the employee's Islamic faith[,] had been . . . [or] would be granted." *Id.* ¶ 92.

On December 1, 2025, Plaintiff served Defendants with her first set of interrogatories and requests for production of documents. *See* Dkt. 115-1. On April 23, 2026, Plaintiff sought to compel production of documents and information responsive to those requests. *See* Dkt. 115. On May 7, 2026, the parties had a conference with Magistrate Judge Ricardo to address Plaintiff's April 23, 2026 motion. Dkt. 120. Following this conference, Magistrate Judge Ricardo issued an order granting in part and denying in part Plaintiff's motion. Dkt. 121 (the "May 7 Order"). On June 25, 2026, Plaintiff filed a letter motion requesting a Local Rule 37.2 conference to address an anticipated motion regarding sanctions, compelling production, and compelling depositions. Dkt. 124 ("Pl. June Letter"). On July 10, 2026, Defendants filed a letter opposition to Plaintiff's anticipated motion. Dkt. 126. On July 17, 2026, Magistrate Judge Ricardo held the requested conference, Dkt. 127; Dkt. 133 ("Tr."), and issued the Order the same day, Dkt. 128. On July 28, 2026, both parties requested an extension of time to file their Rule 72(a) objections to the Order. Dkts. 129-30. On July 30, 2026, the Court granted the extension. Dkts. 131-32. On August 11, 2026, Defendants filed their Rule 72(a) objections, Dkt. 140 ("Def. Br."), which Plaintiff opposed on August 24, 2026, Dkt. 149 ("Pl. Opp."). Also on August 11,

2026, Plaintiff filed her Rule 72(a) objections, Dkt. 141 ("Pl. Objs."), Dkt. 141-1 ("Pl. Br."), which Defendants opposed on August 24, 2026, Dkt. 150 ("Def. Opp."). The motions are fully briefed.

## LEGAL STANDARD

In reviewing a magistrate judge's decision on nondispositive matters, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is deemed clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 228 (2d Cir. 2021) (quotation marks and citation omitted). "A magistrate judge's ruling is contrary to law when 'it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-cv-07996 (JLR) (OTW), 2024 WL 1574026, at *1 (S.D.N.Y. Apr. 11, 2024) (quoting *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.* (quoting *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-cv-04546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018)). "Because the standard is highly deferential, the objector carries a heavy burden." *PWV Consultants LLC v. Chebil Realty LLC*, No. 20-cv-09030 (LTS), 2022 WL 562220, at *3 (S.D.N.Y. Feb. 24, 2022) (quotation marks and citation omitted).

## DISCUSSION

Defendants object to Magistrate Judge Ricardo's Order granting Plaintiff's request to depose Benjamin Lee ("Lee"), Esq. *See generally* Def. Br. Plaintiff, for her part, objects to Magistrate Judge Ricardo's Order (1) denying her request for sanctions, (2) denying her motion

to compel, (3) permitting Defendants' untimely objections to follow-up discovery from the Bijan Vafegh ("Vafegh") deposition, and (4) and limiting Plaintiff's Document Request No. 22. *See generally* Pl. Objs.; Pl. Br. The Court takes each objection in turn.

**I. Defendants' Objection to Deposition of Benjamin Lee, Esq.**

Defendants object to Magistrate Judge Ricardo's Order permitting Plaintiff to depose Lee, one of Defendants' counsel. Def. Br. at 1. Defendants argue that the ruling was "contrary to law" because it "disregards the well-established protections afforded by the attorney-client privilege and the attorney work-product doctrine." *Id.* at 7. The Court disagrees.

In considering a request to depose an attorney, courts must "take[] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). The Second Circuit takes a "flexible approach," considering factors such as: (1) "the need to depose the lawyer," (2) "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation," (3) "the risk of encountering privilege and work-product issues," and (4) "the extent of discovery already conducted." *Id.* "[T]he fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices." *Id.*

During the July 17, 2026 conference, Magistrate Judge Ricardo applied the proper legal standard and considered the *Friedman* factors, finding that the factors weighed in favor of permitting the deposition. Beginning with the first factor, Plaintiff maintains that she needs to depose Lee because he worked on Plaintiff's EEOC charge and complaint and was the author of the DOC's Position Statement with regard to her charge. Tr. at 22:1-3. Because he was the author, Lee has firsthand knowledge as to the basis and veracity of the statement. *Id.* at 27:17-

19. The other individuals Plaintiff has deposed have not had this knowledge and have been unable to provide Plaintiff with the information she seeks. *See id.* at 16:7-10 (explaining that "Vafegh could not recall anything during his deposition"); *id.* at 18:14-18 (noting that Pinnock also had a memory problem during the deposition). With respect to the second factor, the parties do not dispute that Lee was acting as an attorney when he created the Position Statement and has been involved in this matter. *Id.* at 25:18-23; *see* Pl. Opp. at 11. However, Plaintiff represented to Magistrate Judge Ricardo that she is "not asking him [Lee] for his mental impression or legal analysis" and that she was "not interested in" the "legal analysis in the position statement . . . [but was] just interested in the factual statement as to what [Lee] maintains the DOC did in response to [P]laintiff's complaint and why her — the reason he gave as to what happened with her complaint and the reason — and what he says happened with other complaints." Tr. at 27:19-28:4; *see also id.* at 24:4-17 (noting that Plaintiff would like to ask Lee about "factual statements" he asserted in the Position Statement, including "that [Defendants] denied each and every religious accommodation request submitted by individuals who observed the Islamic religion" because "if they granted on request . . . they would have to grant everybody else's"). On numerous occasions during the July 17, 2026 conference, Magistrate Judge Ricardo noted the risk of encountering privilege and work-product issues. *See, e.g.*, *id.* at 26:13 (noting that privilege "is a legitimate concern"); *id.* at 28:17-25 (noting that if Defendants establish in the deposition that Lee was acting as counsel, then "[D]efendant[s] will have legitimate privilege objections" and questions that go beyond the factual basis for the assertion "str[uck] [him] as legitimately privileged"). However, Magistrate Judge Ricardo explicitly noted that "it sound[ed] to [him] like [Plaintiff's] focus is factual information — factual assertions made by this — made in the position statement," which he agreed was "fair game for a deposition." *Id.* at 25:3-8. Given the legitimate privilege concerns, Magistrate Judge Ricardo appropriately limited

Plaintiff's deposition of Lee to factual nonprivileged information. *Id.* at 28:13-15; *see also id.* at 29:10-12 ("But Plaintiff has made a representation that it is a limited inquiry. So based on that representation, I am allowing the deposition to occur."). Further, Magistrate Judge Ricardo also considered the fourth factor — the extent of discovery already conducted — when he determined how many depositions Plaintiff had taken. *Id.* at 18:11-13.

Magistrate Judge Ricardo applied the correct legal standard, and the Court agrees with his analysis of the relevant factors, such that there was no clear error or abuse of discretion. Thus, the Court denies Defendants' objection to the deposition of Lee.

## II. Plaintiff's Objection to Magistrate Judge Ricardo's Decision Denying Sanctions

Plaintiff objects to Magistrate Judge Ricardo's decision not to impose sanctions on Defendants based on their delayed responses to Interrogatory Nos. 7 and 8, as well as the allegedly delayed and insufficient production in response to Document Request No. 15.[1] Pl. Br. at 14-18.

Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery," the court may issue further orders, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). "Instead of or in addition to the orders" the court may issue pursuant to Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney

---

[1] **Interrogatory No. 7** requests Defendants to "[i]dentify all [DOC] employees who made a request for an accommodation or exemption from the COVID vaccine mandate, based on their religion." Dkt. 115-2 at 6.

**Interrogatory No. 8** requests Defendants to "[i]dentify all employees who made a request for an accommodation or exemption from the COVID vaccine mandate, for medical reasons." *Id.* at 7.

**Document Request No. 15** asks Defendants to provide, among other things, "all documents related to . . . [Defendants'] response to [Plaintiff's EEOC] charge and all documents supporting [Defendants'] response to said charge." *Id.* at 16.

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "In imposing Rule 37 sanctions, . . . courts properly consider various factors, including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (alteration adopted) (quoting *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *see also Morgan Art Found. Ltd. v. McKenzie*, No. 18-cv-04438 (JLR) (BCM), 2025 WL 2528301, at *6 (S.D.N.Y. Sept. 3, 2025).

With respect to Defendants' delayed responses to Interrogatory Nos. 7 and 8, Magistrate Judge Ricardo did not err or abuse his discretion in declining to impose sanctions. Defendants produced responses to these interrogatories on June 29, 2026, before the end of discovery, and Plaintiff admits the responses are sufficient. Tr. at 31:12-15; Def. Opp. at 2.

Plaintiff next contends that Magistrate Judge Ricardo's denial of Plaintiff's request for sanctions on Defendants "for their delayed and insufficient response" to Document Request No. 15 is "contrary to law" because Defendants pointed to an expansive New York City Comptroller website, which contains a Department of Correction Workforce Dashboard (the "Website"), https://comptroller.nyc.gov/services/for-the-public/department-of-correction-doc/dashboard. Pl. Br. at 18. This Website contains information that is relevant to Defendants' response to the EEOC charge, and Magistrate Judge Ricardo declined to grant sanctions because he found that there was "no showing that [D]efendant[s] ha[ve] failed to comply with [his] order." Tr. at 44:5-6. "A decision to impose Rule 37 sanctions is within the sound discretion of the court," *In re 650 Fifth Ave. & Related Props.*, No. 08-cv-10934 (KBF), 2013 WL 12183225,

at *2 (S.D.N.Y. June 5, 2013) (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)), and the Court finds that Magistrate Judge Ricardo did not abuse that discretion in deciding not to sanction Defendants. *See, e.g.*, *Moss v. Enlarged City Sch. Dist. of City of Amsterdam*, 166 F. Supp. 2d 668, 671 (N.D.N.Y. 2001) (finding magistrate judge's decision not to impose discovery sanctions "was well within his broad discretion" and therefore "his decision was not an abuse of that discretion"); *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10-cv-02518 (SJ) (VVP), 2011 WL 5117733, at *3, *5 (E.D.N.Y. Sept. 6, 2011) (holding that magistrate's order denying plaintiff's request for sanctions was not clearly erroneous or contrary to law in part because "[t]he imposition of sanctions under [Rule 37] is a matter within the trial court's discretion"); *Davis v. City of New York*, No. 86-cv-06345 (SWK), 1988 WL 42189, at *2 (S.D.N.Y. Apr. 28, 1988) ("It is well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion."). For these reasons, the Court denies Plaintiff's objection to the denial of sanctions.

## III. Plaintiff's Objection to Magistrate Judge Ricardo's Decision Denying Plaintiff's Motion to Compel

Plaintiff next objects to Magistrate Judge Ricardo's denial of Plaintiff's motion to compel further responses to Document Request Nos. 4, 5, and 6. Pl. Br. at 11-12. Document Request Nos. 4, 5, and 6 seek documents supporting Defendants' undue hardship determination for Plaintiff and factors the DOC considered in denying accommodation requests of other DOC employees. *Id.*

Defendants argue that they produced the requested information through the Website. *See* Def. Opp. at 4-5. Specifically, the Website includes a "dashboard [that] contains information about the DOC's uniformed workforce, including, among other things, graphs and reports about uniformed headcount (from 2007 to 2024), uniformed staff out sick from January 2019 through

February 2026, workforce composition, and annual departures from 2018 through 2026" and provides data "further broken down by employees who were deceased, dismissed, resigned, terminated, or retired." *Id.* at 3-4. Defendants assert that they relied on data from this Website in making their undue hardship determination and in denying accommodation requests. *Id.* at 4-5; Tr. at 52:8-24 (Defendants representing that the underlying data on the Website was relied on as the factors considered in Document Request Nos. 4, 5, and 6). The material on the Website appears relevant and Defendants can be asked at depositions or through interrogatories about particular portions of the Website and its underlying data, and how the Defendants relied upon them in making such determinations. Thus, the Court finds that Magistrate Judge Ricardo did not clearly err in denying Plaintiff's motion to compel more specific information. *See Concepcion v. City of New York*, 693 F. App'x 31, 31-32 (2d Cir. 2017) (summary order) (holding that magistrate judge's denial of motion to compel additional documents was "well within the court's discretion" where plaintiff argued defendant had not produced many documents); *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09-cv-00488 (LGS) (HBP), 2020 WL 2747307, at *5 (S.D.N.Y. May 27, 2020) (finding "[i]t was well within [the magistrate judge]'s authority to determine that additional discovery was unnecessary to ensure the fair and efficient resolution of th[e] matter"). This objection is therefore denied.

## IV. Plaintiff's Objection to Defendants' July 10, 2026 Responses and Objections to Requests from the Vafegh Deposition

Plaintiff further argues that Defendants waived their right to object to Plaintiff's request for documents identified during the May 1, 2026 deposition of Vafegh because their response and objections came more than two months after Plaintiff's request. Pl. Br. at 19-20. Plaintiff explains that, following her request for these documents, the parties agreed that Defendants had until June 8, 2026, to provide a response. Pl. June Letter at 3; *see also* Pl. Br. at 20. Defendants

did not respond by this date. Pl. June Letter at 3. On June 23, 2026, the parties met and conferred. Def. Opp. at 6. During this conference, Defendants told Plaintiff that they would conduct a search subject to the limitations and clarifications to which Plaintiff had agreed. *Id.* On July 10, 2026, Defendants provided Plaintiff with their responses and objections to Plaintiff's request for discovery from the Vafegh deposition. *Id.*; Dkt. 126-2. Plaintiff contends that it was error for Magistrate Judge Ricardo to permit Defendants to "assert and rely on their untimely objections." Pl. Br. at 20.

"[C]ourts in this district have found a party's right to object to discovery requests waived where the party fails to make a timely response; however, waiver is generally imposed only where the party is unable to provide an explanation for its late response, fails to respond despite court intervention, or fails to respond entirely." *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10-cv-01676 (GBD) (JCF), 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011) (citations omitted). None of these circumstances exist here. The parties engaged in a meet-and-confer process regarding production of these documents, and by the time of the July 17 conference, Defendants had responded to the requests either by confirming no such documents existed or representing that they would search for and produce responsive documents subject to their objections. Magistrate Judge Ricardo did not err when he did not "see any ground for a finding of waiver," Tr. at 10:18-20; *see id.* at 10:23-11:2 ("[A]s I understand it, what [Defendants] are saying today is they conducted a search and have no further documents to produce. It sounds like what [Plaintiff] [is] now asking for is for some additional relief about the search [Defendants] conducted."), and ordered Defendants to produce the requested documents by July 24, 2026, *id.* at 14:11-22. For these reasons, the Court finds that Magistrate Judge Ricardo did not err in permitting Defendants to rely on their July 10, 2026 responses and objections to discovery from the Vafegh deposition.

## V. Plaintiff's Objection to Limitation on Document Request No. 22

Document Request No. 22 seeks production of "the documents concerning lawsuits, charges or complaints, (whether written, formal, informal and internal complaints), including those filed with the EEO Office, the EEOC, the New York City Commission on Human Rights, [and] the New York State Division of Human Rights, for religious discrimination and retaliation by DOC employees, including the disposition of said lawsuits, charges and complaints." Dkt. 115-2 at 20. Plaintiff objects to Magistrate Judge Ricardo's determination that Defendants need only produce documents in response to Document Request No. 22 that relate to claims or complaints arising from the COVID vaccine. Pl. Br. at 20. Specifically, Plaintiff contends that the law-of-the-case doctrine bars this limitation on scope because the May 7 Order, which granted Plaintiff's motion to compel, did not contain such limitation. *Id.* at 20-21. Further, Plaintiff explains that this limitation was improper because Plaintiff's claims are broader than simply COVID-related claims. *Id.* at 21. The Court does not agree that Magistrate Judge Ricardo clearly erred.

The law-of-the-case doctrine "forecloses reconsideration of issues that were decided — or that could have been decided — during prior proceedings." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 21 (2d Cir. 2021) (citation omitted). This doctrine is discretionary. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The law-of-the-case doctrine does not apply here because Magistrate Judge Ricardo's May 7 Order directed the parties to confer on the scope of the request and the timeline for production. *See* May 7 Order at 2. Moreover, the doctrine is discretionary, and Judge Ricardo was entitled to limit the disclosure requirements in later rulings. Magistrate Judge Ricardo's later limitation on the scope of the broad document request to COVID-related complaints is also not clearly erroneous or contrary to law. Magistrate Judge Ricardo limited Document Request

No. 22 "to the vaccine mandate because [he] th[ought] the other claims have to be close enough to what we are talking about here." Tr. at 57:16-18. This limitation is not clearly erroneous, and Magistrate Judge Ricardo has broad authority to limit discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *Webb v. Robert Lewis Rosen Assocs., Ltd.*, 128 F. App'x 793, 796-97 (2d Cir. 2005) (summary order) (finding that a magistrate judge's ruling to "define[] the scope of relevant discovery" fell "well within the scope of a magistrate judge's statutory authority"); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery[.]"); *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-mc-02548 (VEC), 2021 WL 2481835, at *7 (S.D.N.Y. June 17, 2021) ("District courts have considerable leeway to set the parameters of discovery."). Therefore, the Court denies Plaintiff's objection to Magistrate Judge Ricardo's limitation on Document Request No. 22.

**CONCLUSION**

For all the foregoing reasons, Defendants' objection to Magistrate Judge Ricardo's July 17, 2026 Order is DENIED. Plaintiff's objections to that Order are also DENIED.

Dated: September 4, 2026
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge