USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYANA F. MUMIN,

Plaintiff,

-v-

THE CITY OF NEW YORK ET AL,

Defendants.

**ORDER**

23-CV-3932 (JLR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The undersigned held a conference to discuss the discovery disputes raised in the parties' letter motions at ECF No. 169 and ECF No. 170. For the reasons discussed at the conference, the parties shall adhere to the following directives.

Regarding Defendants' document requests at ECF No. 170-1, Defendants' requests are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall produce documents responsive to Document Requests No. 1, 2, and 6, and the production shall cover immunization and vaccination records for the eight years prior to the date of Plaintiff's termination.

Regarding Plaintiff's Rule 30(b)(6) Notice at ECF No. 169-1, Plaintiff's requests are **GRANTED IN PART** and **DENIED IN PART.**

- **Topics 1–3.** Defendants shall produce a witness to address what was considered in assessing hardship in connection with Plaintiff's request for an exemption, as well as in connection with exemption requests by four other individuals. Plaintiff's counsel shall identify the four other individuals for

Defendants' counsel.

- **Topics 4–5.** Defendants shall produce a witness to address how the Department of Correction ("DOC") determined there were staffing shortages when deciding vaccination exemption requests during the period covering November 2021 – February 2023.
- **Topics 6–8.** Defendants shall produce a witness to state whether the DOC's statement to the Equal Employment Opportunity Commission ("EEOC") regarding a policy to deny religion-based vaccine exemption requests by Muslim employees was an accurate statement of DOC policy and, if not, to explain why such statement was conveyed to the EEOC.

Regarding Plaintiff's Second Rule 30(b)(6) Notice at ECF No. 169-3, Plaintiff's requests are **GRANTED IN PART** and **DENIED IN PART.**

- **Topic 1.** Defendants shall produce a witness to describe what analysis was done to arrive at DOC's conclusion in the Teletype Order that the only allowable accommodation from the vaccine mandate was weekly testing and submission of negative PCR results.
- **Topics 3 & 7.** Defendants shall produce a witness to address whether it was DOC's policy to treat exemption requests from the vaccine mandate for medical reasons differently than requests for religious reasons. Defendants shall produce a witness to explain the rationale for allowing people with only one dose of a two-dose vaccine to continue to work. The witness should also be able to address the specific circumstances surrounding DOC employee

Kelly Persad.

The parties are directed to confer on the remaining issues raised in Plaintiff's letter motion and should endeavor to reach agreement without the need for the Court's intervention.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 169 and 170 as **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

Dated: October 28, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge